THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, a corporation, v. EARL COBB and ROBERTA COBB, his wife.

15 So. (2nd) 188                 June Term, 1943
October 1, 1943                    Division B

*Tillman & Henderson,* for appellant.

*A. Pickens Coles,* for appellees.

SEBRING, J.:

Earl Cobb and Roberta Cobb, his wife, are the owners of real property directly adjacent to property owned by The American Agricultural Chemical Company. The Company constructed an artificial reservoir or settling basin on its property to store water used in its mining operations. Subsequently, an earthen dam which held the water in the reservoir broke, causing water, mud and silt to flow upon the lands owned by Cobb and wife. Suit was brought by them against The American Agricultural Chemical Company to recover damages for alleged injuries to the land. The parties went to trial upon a declaration charging negligence in the construction, and in the maintenance, of the dam. Plaintiffs recovered a judgment for $2,000.00 and costs. Upon motion for a new trial the trial court ordered a remittitur of $500.00. The American Agricultural Chemical Company appealed from the judgment, assigning as grounds, inter alia, the failure of the plaintiffs to prove the negligence alleged, and the excessiveness of the verdict. The case is now here to review the judgment.

At the outset, the parties have agreed that the doctrine of Rylands v. Fletcher is not controlling in the present case, and have chosen to try their action upon the theory of negligence in the construction and maintenance of the dam in question. See Rylands v. Fletcher, L.R. 1 Exch. 265, L.R. 3 H.L. 330, 35 L.J. Exch. 154, 12 Jur. N.S. 603, 14 L.T.N.S. 523, 14 W.R. 799, 4 H. & C. 263, 37 L.J. Exch. 161, 19 L.T.N.S. 220, 1 Eng. Rul. Cas. 235. We are relieved, therefore, of considering the rather interesting question of whether the doctrine of that celebrated English decision applies to a case such as we have here, where, according to the undisputed facts, we are dealing not with the breaking of a dam across a natural water course but with the giving way of a dam to an artificial reservoir upon private lands used for the storage of water, with no act of God or outside agency intervening. See 27 R.C.L. pp. 1206-1207. Our only consideration, under the issues, is

whether there is sufficient proof of negligence to support the verdict.

The appellant contends that the appellees have to sustain the burden of proof in any of the particulars alleged. We cannot agree with this contention. In our view there is ample competent evidence to sustain the verdict; if not on both counts of the declaration, at least on the count alleging negligence in the construction of the dam. The trial court did not err, therefore, in sending the case to jury, as against the motion for directed verdict made at the close of the plaintiffs' case in chief. The jury found a verdict in favor of the plaintiffs and awarded $2,000.00 damages. Upon motion for a new trial the trial court ordered a remittitur of $500.00. We find ourselves unable to say that the verdict is so manifestly excessive as to justify reversal.

All other assignments of error have been duly considered and are found to be without merit.

The judgment is affirmed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.